## Showell v. Long

*Bernard E. DiJoseph*, for plaintiffs.

*Marlyn F. Smith*, for defendants.

DANNEHOWER, P. J., October 8, 1958. — In this action in trespass by a husband and wife to recover damages for personal injuries the wife is alleged to have sustained due to a fall on defendants' premises, the wife plaintiff seeks to recover $2,000 for personal injuries and the husband plaintiff $2,000 also for medical, surgical, nursing services, and temporary loss of his wife's services.

Counsel for plaintiffs has ordered this case on the arbitration list.

Defendants have filed this petition to strike this action from the arbitration list and have it placed on

the jury trial list. Petitioners allege that since the complaint contains two "wherefore" clauses, each asking for $2,000 as damages, the total damages are $4,000, and therefore the case does not come within the jurisdiction of the Arbitration Act of June 16, 1836, P. L. 715, the amount in controversy being in excess of $2,000. Both plaintiff and the arbitration administrator filed answers denying that this case is not within the jurisdiction of the Arbitration Act.

Following the amendment to The Act of Assembly Relating to Reference and Arbitration, by the Act of May 17, 1957, P. L. 147, increasing the amount in controversy from $1,000 to $2,000, on June 12, 1957, the Montgomery County Court amended its rules applying to arbitration, which read as follows:

"A. RULE 1, Subsection A, be and hereby is amended, altered and changed to read as follows:

"All cases, which are now or later at issue, when the amount in controversy (exclusive of interest and costs) shall be Two Thousand Dollars ($2,000.00) or less, except those involving title to real estate, shall be submitted to and heard and decided by a Board of Arbitrators, consisting of three members of the Montgomery County Bar in active practice in this County."

"RULE VII, Subsection A and B, be and hereby is amended, altered and changed to read as follows:

"A. These Rules shall apply to cases involving more than one claim, including counterclaims, if none of such claims exceeds Two Thousand Dollars ($2,000.00).

"B. All rules of this Court or Portions thereof which are inconsistent herewith are hereby repealed."

Therefore, it is clear under Pa. R. C. P. 2228, "Joinder of Related Plaintiffs," that if injury is inflicted upon the person of the wife, and causes of action thereto accrue to the wife and also her husband, they

shall be enforced in one action brought by husband and wife. These two separate causes of action must be redressed in one suit. Procedurally there is one action, in substance there are really two causes of action. The case, therefore, involves more than one claim and is subject to compulsory arbitration.

### Order

And now, October 8, 1958, the rule to show cause why the above case should not be stricken from the arbitration list is hereby discharged and petition dismissed.